IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Zane Holder, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   09-1082-JPG |
| | ) |
| Illinois Department of | ) |
| Corrections, State of Illinois | ) |
| Department of Central Management | ) |
| Services, | ) |
| | ) |
| Defendants. | ) |

# FINAL PRETRIAL ORDER

### COUNSEL OF RECORD

**Attorney for Plaintiff:**

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, IL 62701
Telephone:      (217) 522-3445
Facsimile:       (217) 522-8234
E-mail:           johnbakerlaw@gmail.com

**Attorneys for Defendant:**

Laura K. Bautista
Kelly Choate
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone:      (217) 782-9014
Fax:               (217) 524-5091
E-mail:           Lbautisata@atg.state.il.us

## I.  NATURE OF THE CASE

"The plaintiff in this case, Zane Holder, has brought a lawsuit against his employer, the Illinois Department of Corrections and also against the Illinois Department of Central Management Services alleging he was denied health insurance benefits from January 1, 2008 to June 30, 2008 in violation of the Family Medical Leave Act ("FMLA").  Defendants deny they violated the FMLA and deny that Plaintiff is entitled to any relief."

## II. JURISDICTION

A. This is an action brought under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, ("FMLA"), and seeks money damages, liquidated damages, and legal fees.

B. The jurisdiction of the Court is not disputed and is based upon 28 U.S.C. §1331.

## III. UNCONTROVERTED FACTS

The parties will submit a statement of uncontroverted facts at the final pre-trial conference.

## IV. AGREED TO ISSUES OF LAW

The parties agree that following are the issues of law to be decided by the Court:

1. The parties agree that the legal issues have been narrowed by this Court's July 25, 2011, summary judgment "Memorandum and Order" (doc. 48). That order concluded that the Defendants are estopped from claiming Holder was not entitled to FMLA leave.  While the Defendants retain this issue for the purposes of appeal, they acknowledge that it is the law of the case.

2. The parties agree that there will likely be evidentiary issues that the Court will need to resolve.

3. The parties anticipate that there will be disagreements on certain jury instructions.

## V. WITNESSES

A.    Plaintiff reserves the right to call the following witnesses:

    Zane Holder
    Sarah Holder
    Lisa Cunningham
    Kerry Kamp
    Keri Krager
    Kathy Greer
    Jody Hathaway

B.    The Defendant reserves the right to call the following witnesses:

    Lisa Cunningham
    Jody Hathaway
    Keri Krager
    Kathy Greer
    Designee from the Illinois Department of Human Services (foundation for Sarah Holder's time records).
    Zane Holder
    Molly A. Hobbie, CSR
    Defendants reserve the right to call any witness listed by Plaintiff

C.    The Court will not permit counsel to call any rebuttal witness who was not included on the calling party's witness list.

## VI. EXHIBITS

The exhibit lists of the parties are attached.

## VII.  DAMAGES

A. The Family and Medical Leave Act provides for  for damages equal to--
29 U.S.C. § 2617(a)(1)(A)(i) the amount of–

> (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or damages equal to the actual injuries sustained by an employee.

Holder's damages for lost benefits are  $8,392.16

The Defendants dispute that any damages are due and owing to Holder and state that the amount of money withheld from his wages to reimburse for insurance premiums was actually $8,291.83.

B. The Family and Medical Leave Act further provides:

> an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 105 [29 USCS § 2615] proves to the satisfaction of the court that the act or omission which violated section 105 [29 USCS § 2615] was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 105.  See 29 U.S.C. § 2617(a)(1)(A)(iii).

Holder is seeking a liquidated damages award of $8,392.16.

The Defendants deny that Holder is entitled to any liquidated damages.

C. The Family and Medical Leave Act provides that a successful plaintiff is entitled to receive:

> the interest on the amount described in clause (i) calculated at the prevailing rate. See 29 U.S.C. § 2617(a)(1)(A)(ii).

        The proper amount of interest is calculated pursuant to 28 U.S.C. § 1961 "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  A request for interest would not be made to a jury at trial.  Rather, Holder would make a request for a specific dollar amount of interest as of the date a judgment would be entered in his favor.

        The Defendants deny that Holder is entitled to any pre-judgment interest.

D.      The FMLA also provides that "[t]he court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant."  29 U.S.C. § 2617(a)(3).  This is not a claim that will be presented to the jury.  Rather, if judgment is ultimately entered in Holder's favor he will file a post-trial motion seeking an award of attorney fees.  The award application will seek all fees from the preparation of the complaint, through discovery, through briefing of summary judgment motions, through trial and through any post-trial motions.

        The Defendants deny that Holder is entitled to recover attorney fees.

## VIII.  BIFURCATED TRIAL

The parties do not request a bifurcated trial.

## IX.  TRIAL BRIEFS

Any trial briefs will be submitted by the parties separately.

## X.  LIMITATIONS, RESERVATIONS, AND OTHER MATTERS

A.      The trial date is: Oct. 24, 2011 (Jury Selection Only) & Oct. 26, 2011

B.      The probable length of the trial is 2 days.  The case will be listed on the trial calendar to be tried when reached.  The trial will proceed before a jury.

C.      There shall be a minimum of six jurors.

D.      The Court will conduct voir dire.  Limited participation by counsel may be

      permitted.  If voir dire questions are to be tendered, they should be submitted with the Final Pretrial Order.

    E.    All jury instructions shall be submitted as directed by the presiding judge and a copy delivered to opposing counsel.

IT IS ORDERED that the Final Pretrial Order may be modified at the trial of the action or before to prevent manifest injustice or for good cause shown.  Such modification may be made either on application of counsel for the parties or on motion of the Court.

**IT IS SO ORDERED.**

Dated:  October 13, 2011

                s/ J. Phil Gilbert
                **United States District Judge**