IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZANE HOLDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS and STATE OF ILLINOIS<br>DEPARTMENT OF CENTRAL<br>MANAGEMENT SERVICES,<br><br>　　　　　Defendants. | No. 09-cv-1082-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Zane Holder's motion for an award of liquidated damages pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 29 U.S.C. § 2617(a)(1)(A)(iii) (Doc. 75).  Defendants Illinois Department of Corrections ("IDOC") and Illinois Department of Central Management Services ("CMS") have responded to the motion (Doc. 76).

**I.    Background**

Holder, an IDOC employee, brought this lawsuit claiming, among other things, that the defendants interfered with his rights under the FMLA by requiring him to pay for his employer's contribution for his health insurance benefits during his FMLA leave.  The case was complicated by the sequence of events from Holder's initial leave to the trial of this case.  IDOC approved FMLA leave for Holder to care for his wife beginning in August 2007 and continuing intermittently until the late spring of 2008.  In April 2008, after noting that Holder had taken more than the 60 days of leave to which he was entitled under the FMLA, *see* 29 U.S.C. § 2612(a)(1), IDOC informed Holder that his FMLA leave had expired and FMLA leave was no longer

available to him.  Later, in 2009, CMS informed Holder that the state of Illinois had mistakenly paid the employer's contribution for his health insurance premiums from January 1, 2008, through June 30, 2008, and that Holder was obligated to repay that amount.  In May 2009, CMS began garnishing 25% of Holder's wages to collect the employer's overpayment.  Thereafter, Holder filed the present suit.

As of October 2011, CMS had recovered through garnishment almost all of the amount it claimed Holder owed for the employer's contribution for his health insurance from January 1, 2008, through June 30, 2008.  On October 21, 2011, the Friday before the trial of this case, the defendants conceded and Holder agreed that, given the Court's prior rulings on summary judgment, the defendants were required to pay the employer's contribution to his health insurance benefits through the month of January 2008.  Apparently, the defendants did not realize this until they began reviewing records and talking to witnesses in preparation for trial.  Accordingly, the defendants cancelled the final garnishment withholding of $864.17 that had not yet been collected and set in motion the process to issue Holder a refund of $357.93 that it had already garnished from his wages.  The cancelled garnishment withholding and the refund covered the employer's share of the cost of his health insurance for January 2008, so the end result was that IDOC ultimately tendered the entire benefit due Holder under the FMLA for January 2008.  The refund check was scheduled to be issued on October 27, 2011, which turned out to be the final day of trial.  The defendants believed this rendered Holder's claims for January 2008 benefits moot and asked the Court to amend the final pretrial order to so reflect.

On October 24, 2011, a jury was selected, and on October 26, 2011, the jury began hearing the case.  Before opening statements and outside the presence of the jury, the Court heard argument on whether the defendants' recent concessions rendered the January 2008 question

moot. Holder took the position that the defendants' eleventh-hour concession did not moot his claim based on the failure to provide health insurance benefits for January 2008 because he had not yet received payment for the sums offered and that his claim for interest and liquidated damages remained. While the Court stated it would allow the amended final pretrial order, it never signed or entered the order, and it allowed the January 2008 question to go to the jury. The jury rendered a verdict in favor of the defendants, including for the period of January 2008.

Following the return of the jury verdict, the Court granted judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) for Holder based on the January 2008 period. It then awarded damages for denied benefits in the amount of $1,222.10, an amount equivalent to the employer's contribution for health insurance benefits for January 2008.

In the motion that is now before the Court, Holder moves for liquidated damages. The damages provision of the FMLA provides that an employer who violates the act is liable for employment benefits denied to the employee because of the violation, interest on the amount denied, plus an additional award of liquidated damages equal to the sum of the benefits denied and interest. The Court may, in its discretion, reduce the liquidated damages if the employer proves that the violation "was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation. . . ." 29 U.S.C. § 2617(a)(1)(A)(iii). Liquidated damages are considered to be "the norm in FMLA cases," *Ryl-Kuchar v. Care Ctrs., Inc.*, 565 F.3d 1027, 1030 (7th Cir. 2009).

## II.     Mootness of January 2008 Question

As a preliminary matter, the Court takes this occasion to clarify its decision that the defendants' last minute change of heart about January 2008 did not moot Holder's claim for damages for that period. It is clear that if Holder's claim is moot, the Court has no authority to

enter judgment on that matter.  A claim is moot where a plaintiff has accepted full relief and there are no longer any damages a plaintiff can recover.  *See, e.g., Bingham v. New Berlin Sch. Dist.*, 550 F.3d 601, 602 (7th Cir. 2008).  "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate. . . ."  *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) (internal quotations omitted).

      The defendants argue that since it tendered to Holder full payment of the employer's share of his health insurance costs for January 2008, there are no damages the Court can award for that period, and the claim for that period is moot.  In support of their position, the defendants cite *Breneisen v. Motorola, Inc.*, No. 02 C 50509, 2010 WL 1251450 (N.D. Ill. 2010), *aff'd*, 656 F.3d 701 (7th Cir. 2011).  In that case, a defendant accused of violating the FMLA tendered a check in the amount of double the denied benefit – to cover the denied benefit and liquidated damages but not attorney's fees – and the plaintiff accepted the tender.  *Id.* at *3.  The court held that the accepted tender rendered the plaintiff's case moot because there were no more damages the plaintiff could recover.  *Id.* at *4.  Attorney's fees, the Court of Appeals clarified, were not damages recoverable for the claim itself but were ancillary to a judgment.  *Breneisen*, 656 F.3d at 706 (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990)).  Consequently, the demand for attorney's fees did not keep the plaintiff's case alive after the defendant had satisfied all other demands.  *Id.*

      *Breneisen* is distinguishable from the case at bar.  Unlike *Breneisen*, here the defendants did not offer all the relief Holder could have recovered under the FMLA for the merits of his claim.  On the contrary, the defendants offered Holder roughly half of the non-ancillary damages available to him under the FMLA for January 2008.  Furthermore, there is no indication he accepted the tender as full settlement of his claim for that period.  Because the defendants did not

offer Holder full relief under the FMLA, further non-ancillary damages may be available, and Holder's claims for January 2008 are not moot.

### III. Liquidated Damages

Holder is entitled to liquidated damages in the amount of $1,222.10, for a total damages award of $2,444.20 because the defendants have not carried their burden of showing that their decision to withhold from Holder's wages the cost of the employer's contribution for health insurance benefits for January 2008 was in good faith.

The defendants argue that Holder is not entitled to liquidated damages because (1) he is not entitled to damages for lost benefits because the defendants have tendered a payment to cover that amount and (2) they acted in good faith by contacting Holder at least three times to discuss how Holder would pay for the employer's contribution for his health insurance.

This is not sufficient to show reasonableness or good faith. As for the defendants' belief that the Court cannot award liquidated damages because the defendants have fully paid for denied benefits, that question was addressed in the previous section. As for the defendants' argument that its good faith is demonstrated by its numerous attempts to consult Holder about how he would repay his alleged obligation for his health insurance benefits, those were collection efforts, not efforts to verify the accuracy of their initial assessment against Holder. The error in that assessment was discovered on October 2011 on the eve of trial, when the defendants apparently took a careful look at their documentation for the first time and determined that they had been wrong about Holder's January 2008 health insurance status since at least January 2009. This careful look did not occur until nearly three years after the initial decision to charge Holder for his employer's contribution for January 2008 and more than two years after the actual garnishment of his wages began. The defendants have not adequately explained why this delay was reasonable

or how it demonstrates good faith.

Therefore, the Court finds an award of liquidated damages in the amount of $1,222.10 is warranted.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion for liquidated damages (Doc. 75), **AWARDS** Holder liquidated damages in the amount of $1,222.10 in addition to the value of his denied benefits and **DIRECTS** the Clerk of Court to enter judgment accordingly. The Court further notes that $864.17 assessed against Holder but not collected and the $357.93 refunded to Holder shall be deemed paid in partial satisfaction of this judgment if Holder accepts those payments.

**IT IS SO ORDERED.**
**Dated: January 25, 2012**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**