IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ZANE HOLDER,

    Plaintiff,

  v.

ILLINOIS DEPARTMENT OF
CORRECTIONS and STATE OF ILLINOIS
DEPARTMENT OF CENTRAL
MANAGEMENT SERVICES,

    Defendants.

No. 09-cv-1082-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Zane Holder's motion for an award of attorney's fees and costs pursuant to 29 U.C.S. § 2617(a)(3) (Doc. 88). The defendants have objected to various aspects of Holder's request (Doc. 89).

Holder brought this case under the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.* and prevailed on a portion of his claim. Under the FMLA, an award of reasonable attorney's fees and costs is mandatory where judgment is entered in favor of a plaintiff. *See* 29 U.S.C. § 2617(a)(3); *Franzen v. Ellis Corp.*, 543 F.3d 420, 430 (7th Cir. 2008).

The parties agree that the Court should determine an appropriate fee beginning with the lodestar method, which involves "multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate." *Mathur v. Board of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court can then adjust the total amount based on various factors specific to the litigation. *Mathur*, 317 F.3d at 742 & n.1.

Holder's counsel requests an attorney fee of $64,925.00 ($265 per hour for 245 hours), a

paralegal fee of $2,606.25 ($75 per hour for 34.75 hours), costs and other expenses of $1,586.79, for a total award of $ 69,118.04.  The defendants object to various aspects of this request, which the Court will address in turn.

I.     **Reasonableness of Attorney Hourly Rate**

A reasonable hourly rate is presumed to be an attorney's actual billing rate for comparable work.  *Mathur v. Board of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003). Indeed, "the best evidence of the market value of legal services is what people will pay for it." *Stark v. PPM Am., Inc.*, 354 F.3d 666, 675 (7th Cir. 2004).  The fee applicant bears the burden of proving his market rate, but once he does this, the opposing party may attempt to convince the Court that a lower rate is justified.  *Stark*, 354 F.3d at 674-75.  "Only if an attorney is unable to provide evidence of her actual billing rates should a district court look to other evidence, including rates similar experienced attorneys in the community charge paying clients for similar work."  *Mathur*, 317 F.3d at 743 (omitting internal quotation marks).

Holder's counsel has provided evidence that when he bills a client at a straight hourly rate he charges $200, but that he charges more in cases where payment may be delayed until the end of a case and is contingent on some sort of recovery.  He agreed with Holder that Holder would not pay more than $2,500 out of pocket in legal fees, that if the case settled he would receive $265 per hour, and if the case went to trial he would receive $325 per hour.  The defendants argue counsel should receive only $200 per hour in this case because that is what he has actually charged and received from a client in the past and therefore is his actual billing rate.

The Court agrees with the defendants.  Holder's counsel is able to command $200 per hour in the legal market, which is his presumptive market rate, and was prepared to charge

Holder far less should the case not have turned out in his favor. A reasonable attorney billing rate for Holder's counsel is $200 per hour.

## II. Reasonableness of Number of Hours

### A. Secretarial Duties

The Court should not allow payment for hours spent by counsel that would not ordinarily be billed to a paying client or are easily delegated to non-professional staff such as a secretary. *See Spegon v. Catholic Bishop of Chi.,* 175 F.3d 544, 553 (7th Cir. 1999). Such hours are not reasonable or necessary. *Id.*

The defendants argue that several items should not be billed as an attorney (preparing an appendix in response to a summary judgment motion) or paralegal work (preparing civil cover sheet, summons and correspondence) because they are secretarial in nature. The Court notes that the appendix time entry also includes reviewing documents to be used in response to a summary judgment motion, work appropriately performed by an attorney, and can be performed simultaneously with preparing the appendix. It may be billed as attorney work.

As for paralegal work, preparing a civil cover sheet involves some legal judgment that involves more than pure secretarial skills. Preparing letters to a client and to opposing counsel likewise may involve more than secretarial skills. These tasks may be properly billed as paralegal work. Preparing summons, however, is not. Accordingly. 0.2 hours will be deducted from the paralegal hours billed.

### B. Vague Entries

The defendants object to entries on counsel's time sheet that reflect multiple tasks without specifying the exact amount of time for each task. While the Court realizes it is

incumbent on the party seeking attorney's fees to show the fee request is reasonable, it also realizes that excessive detail in billing is not necessary. For example, when counsel traveled from Springfield to Benton for the final pretrial conference on October 13, 2011, met with his client while he was here, and returned home again, breaking down each one of those components of the day's work is not necessary to determine that billing nine hours of work is reasonable. The same is true for counsel's other multi-task billing entries. The Court has reviewed all of the multiple-task entries and finds that the times listed are reasonable for the tasks accomplished and that no more detail need be given.

        C.      <u>Excessive or Duplicative Hours</u>

The Court can disallow hours as not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Stark v. PPM Am., Inc.*, 354 F.3d 666, 674 (7th Cir. 2004).

The defendants fault Holder's attorney and his paralegal for both reviewing the Court's lengthy order denying summary judgment. This is not redundant as it was advisable for both to be aware of the posture of the case before proceeding to trial.

The defendants also object to the amount of time counsel spent on certain tasks. The Court has reviewed those entries and finds that they are not excessive.

The defendants also noted that counsel has billed for time spent on the appeal of this case, which should not be included in an award of attorney's fees at the district court level. Accordingly, the Court will not allow payment for hours entered on or after February 24, 2012, except for additional work on April 20 and May 1 for district court proceedings. This means a reduction of 11.75 hours.

Taking all of the foregoing into consideration, the Court arrives at the following calculation:

    Attorney's fee                $200/hour x 233.25 hours =   $46,650.00

    Paralegal fee                $75/hour x 34.55 =            $2,591.25

### III.  Degree of Success

One of the factors that can be used to reduce the lodestar amount is the degree of success a plaintiff achieved in the litigation. *Spellan v. Board of Educ. for Dist. 111*, 59 F.3d 642, 645 (7th Cir. 1995). In making a reduction based on limited success, the Court should not mechanically lower the fee request based on the percentage of relief the plaintiff recovered compared to what he originally sought. *See Connolly v. National Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999). Instead, the Court should consider the difference between the amount sought and the amount awarded, the significance of the legal issue and the public purpose served by the litigation. *See Cartwright v. Stamper*, 7 F.3d 106, 109 (7th Cir. 1993) (citing *Farrar v. Hobby*, 506 U.S. 103, 121-22 (1992) (O'Connor, J., concurring)).

In this case, Holder achieved about one-sixth of the damages he was seeking, the primary relief he requested. Additionally, the legal issue was not terribly significant; while the FMLA is an important law, this case was really about how to count 60 days and how much slack to cut someone who fails to count properly. The public purpose, however, is not insignificant. This case will serve as an incentive for the defendants to count properly in the future and not deprive other employees of their FMLA rights.

For these reasons, the Court will reduce the aforementioned fee for attorney and paralegal work by 50%, for a fee award of $24,620.63.

**IV.     Costs and Expenses**

The defendants object to several items listed as costs because there is no invoice to verify postage and no explanation of copy charges. In the Court's view, the charges claimed are reasonable in light of the typical mail and copy charges incurred in cases like this. It will not require further details.

Finally, the defendants object to paying for Holder's counsel's fee to be admitted to this Court *pro hac vice*. Admission fees are not specifically mentioned as costs in 28 U.S.C. § 1920, and the Court agrees that such a fee should not be part of the award in this case.

**V.     Conclusion**

For the foregoing reasons, the Court **GRANTS** Holder's motion for an award of attorney fees (Doc. 88), **AWARDS** Holder attorney's fees in the amount of $24,620.63 and costs and expenses in the amount of $1,486.79, for a total fee award of $26,107.42. The Court **DIRECTS** the Clerk of Court to enter a fees judgment accordingly.

**IT IS SO ORDERED.**
**Dated: October 18, 2012**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**