IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ZANE HOLDER,

            Plaintiff,

        v.                                   No. 09-cv-1082-JPG

ILLINOIS DEPARTMENT OF
CORRECTIONS and STATE OF ILLINOIS
DEPARTMENT OF CENTRAL
MANAGEMENT SERVICES,

            Defendants.

## MEMORANDUM AND ORDER

      This matter comes before the Court on plaintiff Zane Holder's supplemental motion for an award of attorney's fees and costs pursuant to 29 U.C.S. § 2617(a)(3) (Doc. 104).   The defendants have objected to various aspects of Holder's request (Doc. 107).   Holder's request for attorney's fees is properly filed in the District Court even though the fees he seeks were incurred during the appeal of this case.   *See Jannotta v. Subway Sandwich Shops, Inc.*, 225 F.3d 815, 819-20 (7th Cir. 2000).

      Holder brought this case under the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.* and prevailed on a portion of his claim.   The Court of Appeals affirmed this Court's judgment in all respects.   Under the FMLA, an award of reasonable attorney's fees and costs is mandatory where judgment is entered in favor of a plaintiff.   *See* 29 U.S.C. § 2617(a)(3); *Franzen v. Ellis Corp.*, 543 F.3d 420, 430 (7th Cir. 2008).

      The parties agree that the Court should determine an appropriate fee beginning with the lodestar method, which involves "multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate."   *Mathur v. Board of Trs. of S. Ill.*

*Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court can then adjust the total amount based on various factors specific to the litigation. *Mathur*, 317 F.3d at 742 & n.1.

Holder's counsel requests an attorney fee of $23,200 ($200 per hour for 114 attorney hours plus $75 per hour for 4 paralegal hours), travel costs of $411.12 and copying costs of $801.45, for a total award of $24,412.   The defendants object to various aspects of this request, which the Court will address in turn.

**I.      Reasonableness of Attorney Hourly Rate**

The defendants do not quibble with the hourly rates requested by Holder's counsel.   For the reasons stated in the Court's October 18, 2012, order granting attorney's fees at the trial court level, the Court finds the rates requested are reasonable.

**II.     Reasonableness of Number of Hours**

A.     <u>Secretarial Duties</u>

The defendants argue that the hours worked by a paralegal are not reasonable because they could have been delegated to a secretary.   Those tasks included reviewing Court of Appeals rules and preparing an appendix that complied with those rules.   The Court should not allow payment for hours spent by counsel or paralegals that would not ordinarily be billed to a paying client or are easily delegated to non-professional staff such as a secretary.   *See Spegon v. Catholic Bishop of Chi.,* 175 F.3d 544, 553 (7th Cir. 1999); *People Who Care v. Rockford Bd. of Educ., School Dist. No. 205*, 90 F.3d 1307, 1315 (7th Cir. 1996).   Such hours are not reasonable or necessary. *Spegon*, 175 F.3d at 553.

Interpreting and complying with court rules involves a level of legal skill, especially

2

where, as here, the Court of Appeals demands strict compliance.   The Court believes those tasks are appropriately performed by a paralegal and, accordingly, declines to reduce the paralegal hours claimed.

       B.     <u>Excessive or Duplicative Hours</u>

The defendants argue that Holder's attorney should not be paid for researching the same issue twice.   The Court can disallow hours as not reasonably expended if they are "excessive, redundant, or otherwise unnecessary."   *Stark v. PPM Am., Inc.*, 354 F.3d 666, 674 (7th Cir. 2004).

The Court has reviewed the total hours spent on each of the research issues that offended the defendants and find the total hours reasonable.   The Court will not condone a rule that requires all research on a topic to be accomplished in a single research session or risk being stricken as a duplicative billing.

The defendants further complain that Holder's counsel billed 1.75 hours for modifying a brief after it had been filed.   These later hours appear to be spent making modifications to a deficient original brief rather than some chronological anomaly indicating deceit.   The hours are properly compensable as attorney hours.

The defendants also complain that Holder's counsel spent 1.5 hours researching his supplemental motion for attorney's fees when he had filed a nearly identical motion at the trial court level.   While the two fee motions cover some of the same issues, they are not even close to identical.   In fact, the pending motion contains legal arguments not in the original fee motion, namely, the reasonableness of the fees expended and the reimbursement of travel expenses.   The time spent researching these issues was reasonable, and counsel should be compensated for it.

### III.    Costs and Expenses

The defendants object to copy costs requested because Holder's counsel has provided no invoice for those costs.   However, Holder has explained in his affidavit what was copied and why. This is sufficient to establish the reasonableness of the costs.

Finally, the defendants object to the cost of $333.12 for Holder's counsel's hotel and room service the night before the Court of Appeals oral argument.   The defendants have offered a list of cheaper hotel rooms in the Chicago area where they believe counsel should have stayed.   The Court, itself having tried to find reasonably priced hotel rooms in Chicago within a reasonable distance of the Court of Appeals office building, knows first-hand that it is not always possible to find the cheap rooms to which the defendants point, especially when there is a big event in town. Prices fluctuate with demand.   Holder's counsel arrived the day of a Chicago Bears football game – against the Carolina Panthers where the Bears won by one point in an amazing fourth quarter come-back capped off by a 41-yard Robbie Gould field goal.  *See* NFL Game Center, http://www.nfl.com/gamecenter/2012102806/2012/REG8/panthers@bears#menu=gameinfo&tab =recap.   This and other events in Chicago that day could very well have rendered the defendants' cheap rooms unavailable.   In any case, the Court is satisfied that Holder's counsel exercised appropriate discretion in selecting his lodging.   In the absence of other evidence affirmatively showing other hotels reasonably near the courthouse were available *the same night*, the Court will not quibble with counsel's choice of hotel.

### IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Holder's supplemental motion for an award of attorney fees (Doc. 104), **AWARDS** Holder attorney's fees in the amount of $23,200.00,

travel costs of $411.12 and copying costs of $801.45, for a total award of $24,412.57.   The Court

**DIRECTS** the Clerk of Court to enter a fees judgment accordingly.

**IT IS SO ORDERED.**
**Dated: July 30, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

5